### Margaret M. Rainey and Joseph T. Rainey v. Isaac N. Atwood.

1. EVIDENCE—*Determining the Weight of.*—The personal appearance of the witnesses on the stand, and their manner in testifying, are of much value in determining the weight to be given to their testimony; and in this respect the court below has the advantage of the Appellate Court in determining questions of fact.

Mortgage Foreclosure.—Trial in the Circuit Court of Williamson County; the Hon. OLIVER A. HARKER, Judge, presiding. Hearing and decree for complainant; appeal by defendants. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

W. H. WILLIAMS and W. W. DUNCAN, attorneys for appellants.

CLEMENS & WARDER, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This was a bill in chancery, brought by appellee against appellants and one Richard Thompson, to foreclose a mortgage executed by appellants to appellee, upon eighty acres of land in Williamson county, to secure the promissory note of appellant Margaret M. to appellee, for $500, dated December 16, 1896, and due one year after date, with interest at seven per cent. The land was the property of Margaret M., who was the wife of Joseph T.

The respondents answered separately — Margaret M. answering that the consideration of the note was the compounding of a felony by Joseph T., in the execution of a forged mortgage by him upon the same lands, and the passage of it to appellee, by which he secured of appellee $500 in money, and for which crime he was arrested, and was in the custody of the sheriff of the county at the time of the execution of the mortgage sought to be foreclosed in this case. The answer of Joseph T. was to the same effect as to the consideration of the note, and further averred that he was insane.

Replications were filed to the answer, and all of the evidence in the case was heard and taken in open court, and a decree rendered in favor of complainant for $561.25, the amount due on the note, and that $50 for complainant's solicitor's fees be taxed as costs, both sums, with the other costs in the case, to be paid within thirty-five days from the date of the decree, and in default, the land be sold to pay the same.

A number of errors have been assigned on the record, but none are noticed in the brief and argument of appellant's counsel, except the one questioning the sufficiency of the evidence to sustain the decree against the defense set up in the answer of appellant Margaret L., as the defense of in-

sanity of appellant Joseph T., set up in his answer, seems to have been abandoned.

That appellant Joseph T. Rainey was justly indebted to appellee in the full sum for which the mortgage was given, and that appellee had a perfect right to get security for the money if he could, is conceded by counsel for appellant; and the only question raised is, was the consideration of the mortgage the debt which Joseph T. owed to appellee, or was it an agreement by appellee to compound a felony, with which Joseph T. Rainey was charged and was in the custody of the sheriff for the commission of, or was it for both?

If there was any person who testified in the case that knew just what the real consideration was, it was appellant Margaret M. Rainey, whose land was being mortgaged, and the real substance of her testimony is summed up in her answer to one question, put to her by her counsel, as follows:

" Well, what Judge Harker and myself want to know is whether or not you would have signed this paper if it hadn't been to get him out of jail? "

Answer.   " Well, I don't think I would, if I had any time to have studied over it."

This was not evidence of what the consideration of the mortgage really was, but it was merely her opinion as to what she would have done in regard to executing the mortgage after she had more thoroughly thought over the consequence to herself.   It was an afterthought.   Her entire evidence is unsatisfactory, possibly because of her illiteracy; but whatever the cause, it was far from convincing that the real consideration of the mortgage was the compounding of the felony of her husband.

There was testimony of two or more witnesses on behalf of appellants, of much the same character as that of appellant herself.   On the other hand, the son of appellee—who seems to have attended to the matter on account of the advanced age and infirmity of his father—testified positively that the mortgage was given to secure the debt of Joseph T. Rainey, and not to settle the criminal prosecution; and his testimony was corroborated in important particulars by

the justice of the peace who took the acknowledgment of the mortgage, and by the State's attorney of the county.

The case is one where the personal appearance of the witnesses on the stand, and their manner in testifying was of much value in determining the weight to be given to their testimony; and as the court below had the advantage of this court in that respect, and has found for the complainant, we are unable to say that its finding was wrong, and therefore the decree is affirmed.